OSCAR STACEY *vs.* WILLIAM W. GRAVES.

Cumberland.    Opinion February 8, 1883.

*Constable. Bond. R. S., c. 80, § 43.*

The clerk of a city is an officer to whom the bond of a constable required by R. S., c. 80, § 43, may in the first instance be properly delivered.

The penalty imposed by R. S., c. 80, § 43, is not incurred if a constable serves a writ after the delivery of his bond though before it is approved.

ON EXCEPTIONS from superior court.

Debt to recover the penalty provided by R. S., c. 80, § 43. Writ was dated April 10, 1880, and the plea was the general issue and a brief statement.

It was agreed between the parties that on or before the fifteenth day of March, A. D. 1880, the defendant had been duly elected a constable of the city of Portland; that on said fifteenth day of March he executed a bond with sureties to the city of Portland in the sum of five hundred dollars, in all respects in due form for the faithful performance of his duties as constable; that upon said fifteenth day of March he filed said bond with the city clerk of the city of Portland, who did not in fact present the same to the board of mayor and aldermen for their approval until their session held on the nineteenth day of said March. On said nineteenth day of March the board of mayor and aldermen approved the bond and sureties.

On the seventeenth day of said March, the defendant made the arrest of the plaintiff, complained of upon a writ issued out of this court on that day. Upon the foregoing facts, the presiding justice ruled as matter of law :

I. That the delivery of the bond on the fifteenth day of March, to the city clerk of the city of Portland, was a delivery of said bond to the board of mayor and aldermen.

II. That the arrest of the plaintiff by the defendant acting in his capacity of constable, on the seventeenth day of March was a legal arrest. The plaintiff alleged exceptions.

*Emory S. Ridlon*, for the plaintiff.

*Irving W. Parker*, for the defendant.

WALTON, J. The R. S., c. 80, § 43, declare that before a constable serves any process, "he shall give bond to the inhabitants of the town in the sum of five hundred dollars, with two sureties, approved by the municipal officers thereof, who shall indorse their approval thereon in their own hands, for the faithful performance of the duties of his office, as to all processes by him served or executed; and for every process he serves before giving such bond, he shall forfeit not less than twenty, nor more than fifty dollars, to the use of any person suing therefor."

This is an action to recover the penalty here provided for. The first question is whether the clerk of a city is an officer to whom such a bond may in the first instance be properly delivered. We think he is. It will be noticed that the statute is silent as to whom the bond shall be delivered. It is to be approved by the municipal officers, which, in the case of cities, means the mayor and aldermen. R. S., c. 1, § 4, cl. XXIII. The city clerk is their clerk and he has the custody and care of their papers. We think a delivery to him is, in contemplation of law, a delivery to the board of aldermen.

The next question is whether the penalty is incurred if a constable serves a writ after delivery of his bond and before it is approved. It was decided in *Eustis* v. *Kidder*, 26 Maine, 97, that it is not. It was there held that when a constable has executed and delivered a good and sufficient bond, he has performed all which the statute requires of him. "It could not have been the intention," say the court, "to make the constable responsible for the performance of duties required of the selectmen, and to subject him to a penalty for their neglect." It will be noticed that the language of the statute is that "for every process he serves *before giving such bond*, he shall forfeit," etc. It does not say that for every process he shall serve before such bond is approved, he shall forfeit the sum named. In this particular the statute differs from the one under consideration in *Rounds* v. *Mansfield*, 38 Maine, 586, and *Rounds* v. *Bangor*, 46 Maine, 541, cited by plaintiff's counsel. In these cases it

was held that a pound-keeper's bond must be approved before he could act, because such was the express requirement of the statute. The language of the statute was that the pound-keeper should give a bond with sufficient sureties " to be approved by the aldermen or selectmen, for the faithful performance of the duties of his office, before he shall be entitled to act as such pound-keeper." The pound-keeper cannot lawfully act till his bond is *approved.* The constable may lawfully act as soon as his bond is *given.* This distinction is pointed out by the court in *Rounds* v. *Mansfield,* 38 Maine, 586. There is, therefore, no conflict between these cases, and the case of *Eustis* v. *Kidder,* 26 Maine, 97. The results differ because the statutes which give the actions differ.

*Exceptions overruled.*
*Judgment for defendant.*

APPLETON, C. J., BARROWS, DANFORTH, VIRGIN and SYMONDS, JJ., concurred.